Andrew K. **WHITEHEAD,** a minor, By and Through his parents and next friends, Dr. Keith D. **WHITEHEAD** and Nikole Whitehead; and Dr. Keith D. Whitehead and Nikole Whitehead, for themselves, Plaintiffs,

v.

**SCHOOL BOARD FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA,** State Of Florida Department of Education, and W. Crosby Few, Defendants.

No. 94–241–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

June 28, 1996.

Laura Lee Whiteside, Laura L. Whiteside, P.A., Tampa, FL, for plaintiffs.

Gregory Alan Hearing, Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Walter Crosby Few, Few & Ayala, Tampa, FL, for School Board of Hillsborough County.

Arthur C. Wallberg, Attorney General's Office, Corrections Litigation Branch, Tallahassee, FL, for State of Florida Department of Education.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for W. Crosby Few.

### *ORDER*

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant Few's Motion to Dismiss Count VII (Dkt. No. 67), Plaintiffs' Motion to Strike Defendant Few's Motion to Dismiss (Dkt. No. 72), and Plaintiffs' Motion for Leave to File a Response in Excess of 20 Pages (Dkt. No. 76).

After consideration, Defendant Few's Motion to Dismiss is deferred. Plaintiffs' Motion to Strike is denied. Plaintiffs' Motion for Leave to File a Response in Excess of 20 Pages is granted.

A complaint should be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### I. FACTS

Plaintiff Andrew K. Whitehead is a child who attends Mintz Elementary School in Hillsborough County, Florida. Andrew was born with Down's syndrome, has disabilities related to that condition, and is a child with disabilities as defined in the Individuals with Disabilities Education Act, 20 U.S.C. § 1401(a)(1)(A) (hereinafter "IDEA"). Plain-

tiffs Dr. Keith D. Whitehead and Nikole Whitehead are Andrew's parents.

Defendant School Board for Hillsborough County, Florida operates Mintz Elementary School and receives federal financial assistance made available through IDEA. Defendant is subject to the IDEA requirement to provide a free appropriate public education to all children with disabilities. Further, acceptance of federal financial assistance makes Defendant subject to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter "§ 504") prohibiting discrimination against persons with disabilities.

A dispute arose between the parties over Defendant's provision of special educational services to Plaintiff. The dispute culminated in a due process hearing before a Hearing Officer with the State of Florida Division of Administrative Hearings. On January 11, 1994, the Hearing Officer issued a Final Order on the issues in the due process hearing.

On February 10, 1994, Plaintiffs filed this lawsuit seeking to enforce the provisions of the IDEA and § 504, (Dkt. No. 1). Defendant Few functioned as legal counsel for Defendant School Board in conjunction with this dispute. On December 11, 1995, Plaintiffs filed an Amended Complaint alleging, *inter alia*, that Defendant Few conspired with Defendant School Board to deny Plaintiffs' rights under IDEA and § 504, by and through a bad faith failure to give full effect to the final order of the Hearing Officer, and seeking attorney's fees, injunctive relief, costs, damages and a jury trial. (Dkt. No. 56).

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

▮▮▮ Plaintiff's Motion to Strike erroneously contends that qualified immunity must be plead as an affirmative defense, and that a government actor's bad faith negates the applicability of such immunity. The Eleventh Circuit directly dismissed both these arguments in *Lassiter v. Alabama A & M University*, 28 F.3d 1146 (11th Cir.1994).

▮▮▮ A court must seek to resolve immunity questions as early in the litigation as possible. *Id.* at 1149. Qualified immunity is intended to protect government officials in the performance of discretionary functions from the burdens of litigation. *Id.* The Supreme Court has held that qualified immunity is not just a defense to liability, but rather is an immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985). Regarding Plaintiff's assertion of a good faith requirement, *Lassiter* held that a government actor's subjective intent is not a factor in the qualified immunity analysis. *Lassiter*, 28 F.3d at 1150, *citing Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Pursuant to *Lassiter*, the Court will consider Defendant's claim at this time, and will not include any alleged bad faith of Defendant in that consideration. Plaintiffs' Motion to Strike is **denied.**

### B. Plaintiff's Motion for Leave to File a Response in Excess of 20 Pages

▮▮▮ Plaintiff bears the burden, when confronted with a qualified immunity claim, to show Defendant allegedly violated a clearly established federal right. *Lassiter*, 28 F.3d at 1150 n. 3. However, because the Court is required to view motions to dismiss in the light most favorable to Plaintiff, this Court is unable to adequately consider the propriety of the qualified immunity claim absent Plaintiffs' thorough response. Therefore, in the exercise of this Court's judicial discretion, Plaintiffs' motion for leave to file a response in excess of 20 pages is **granted.** Plaintiffs' response shall not exceed 30 pages, must be submitted not later than 10 days from the issuance of this order and, and must be in compliance with Fed.R.Civ.P. 6(a) and Local Rule 4.20.

### C. Defendant's Motion to Dismiss

Since this Court finds a review of Plaintiffs' response essential to an adequate consideration of Defendant's qualified immunity claim, Defendant's Motion to Dismiss on that basis must be **deferred.**

▮▮▮ The Court is aware Defendant filed his Motion to Dismiss on February 9, 1996,

and Plaintiffs filed their counter-motion to strike on March 21, 1996. Pursuant to Fed. R.Civ.P. 6(a), and Local Rules 3.01(b) and 4.20, Plaintiffs' response to Defendant's Motion to Dismiss would not be timely filed if submitted after February 29, 1996. Plaintiffs' response was some three weeks late, and could on that basis alone be dismissed. However, because of this Circuit's strong policy of resolving issues on the merits, rather than on procedural technicalities, and in the exercise of judicial discretion, Plaintiffs are granted the opportunity to respond to Defendant's claim of qualified immunity. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 67) is **deferred,** Plaintiffs' Motion to Strike (Dkt. No. 72) is **denied,** and Plaintiffs' Motion for Leave to File a Response in Excess of 20 Pages (Dkt. No. 76) is **granted.**

**DONE and ORDERED.**